IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHERRY MILTON                                                                           PLAINTIFF

vs.                                                        Civil Action No. 3:09-cv-67 HTW-LRA

WAL-MART STORES, INC.;
EDDIE ROBINSON, Individually and
as an Agent and Employer of Wal-Mart
Stores, Inc.; STANLEY ACCESS
TECHNOLOGIES, LLC                                                                       DEFENDANTS

## ORDER GRANTING REMAND

Before this court is a motion to remand [Docket No. 5] submitted by plaintiff Sherry Milton ("Milton"). Plaintiff filed this lawsuit in the Circuit Court of Hinds County, Mississippi, First Judicial District, against Wal-Mart Stores, Inc.; Eddie Robinson; and Stanley Access Technologies, LLC. Now pursuant to Title 28 U.S.C. § 1447(c),[1] plaintiff asks this court to return this lawsuit there, arguing that this court does not have subject matter jurisdiction over this dispute under diversity of citizenship, Title 28 U.S.C. § 1332.[2]

---

[1]Title 28 U.S.C. § 1447 provides in pertinent part:

**(c)** A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice or removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

[2]Title 28 U.S.C. § 1332 provides in pertinent part:

 (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

1

The key questions in this case are: whether plaintiff's vague responses to defendant in its request for admission justify remand on the issue of the jurisdictional amount; and whether defendant Eddie Robinson was improperly joined as a defendant.

### I. FACTS

On February 7, 2007, Milton went to the Wal-Mart Store[3] ("Wal-Mart") located at 2711 Greenway Drive in Jackson, Mississippi. As plaintiff attempted to enter the store, the automatic door malfunctioned and closed on plaintiff before she was able to clear the doorway. Plaintiff contends that the door struck her and caused injury to her head, neck and back. This automatic door, says plaintiff, was manufactured, maintained, and repaired by defendant Stanley Access Technologies, LLC ("Stanley").[4]

Plaintiff says that she reported the incident to defendant, Eddie Robinson ("Robinson"), who apologized to plaintiff and informed her that he was aware that the doors would close without warning when they are not properly warmed up. Robinson also indicated, continues plaintiff, that he was aware that the doors had not been warmed up at the time of plaintiff's injury. Plaintiff's complaint alleges causes of action for negligence and strict liability.

---

(1) citizens of different States; ...

[3] Wal-Mart Stores, Inc., is a Delaware corporation licensed to do business in the State of Mississippi.

[4] Stanley Access Technologies, LLC is a Connecticut Corporation with principal offices located in Connecticut.

## II. ANALYSIS

On February 3, 2009, defendants Wal-Mart and Stanley filed their notice of removal on the basis of diversity of jurisdiction alleging that Robinson, a citizen of the State of Mississippi, was improperly joined as a defendant. Wal-Mart Stores, Inc., is a Delaware corporation licensed to do business in the State of Mississippi. Stanley Access Technologies, LLC, is a Connecticut Corporation with principal offices located in Connecticut. Robinson's presence here, say defendants, destroys diversity of citizenship.

Defendants also contend that the amount in controversy exceeds $75,000.00 arguing that plaintiff's responses to defendant's 'request for admissions' constitutes the "other paper" from which defendants ascertained the matter subject to removal. *McLain v. Am. Int'l Recovery, Inc.*, 1 F. Supp. 2d 628, 631-32 (S.D. Miss. 1998); *Freeman v. Witco Corp.*, 984 F. Supp. 443, 450 (E.D. La. 1997).

Plaintiff argues in her motion to remand that her complaint seeks actual and compensatory damages in an amount not more than $75,000.00. The last paragraph of plaintiff's complaint specifically states: "[w]herefore, the plaintiff demands judgment of and from the defendants in the amount not more than $75,000.00." Plaintiff also avers that a plaintiff does not evince bad faith as required to support removal merely by denying requests for admission that the plaintiff will not seek damages in excess of $75,000.00. *Harris v. Benham Group*, 2002 WL 31050999 (N.D. Miss. 2002). In Harris, Judge Davidson held that the defendant had failed to meet its burden to show by a preponderance of the evidence that the amount in controversy in that case

3

exceeded $75,000.00. Similar to the facts of the present case, plaintiff, in response to the defendant's 'Request for Admission No. 1,' which sought an admission that the plaintiff will never attempt to assert any claim in those proceedings that exceeds $75,000, answered: "Objection. The Plaintiff is unable at this time to admit or deny this request ..." Then, in a somewhat confusing response to Interrogatory No. 14, the plaintiff stated that "[a]s discovery proceeds in this action, the Plaintiff will have a better determination of her ( sic) damages which may be available to her under Mississippi law." The defendant argued that these responses established by a preponderance of the evidence that the plaintiff's claims exceeded $75,000.00. Judge Davidson disagreed and remanded the case to state court.

Plaintiff contends *sub judice* that Robinson was not improperly joined and that his presence in this litigation defeats complete diversity. In support, plaintiff cites *Mims v. The Renal Care Group, Inc.*, 399 F.Supp. 2d 740 (S.D. Miss. 2005) (A reasonable basis of recovery exists under Mississippi law against facility manager, either for her own negligent acts or for her negligent failure to supervise her subordinates, and thus a manager was not fraudulently joined to an action brought by a janitor against health clinic and facility manager, stemming from injuries suffered while working on premises. The janitor's theory of recovery was that the manager was negligent in failing to repair unstable garbage cans despite numerous prior warnings, and that one of those cans contributed to the janitor's injury).

Plaintiff also cites *Hale v. Wal-Mart Stores, Inc.*, 3:96-cv-402 (S.D.Miss.1997), an unpublished opinion where this very court was presented with a similar factual scenario.

4

The plaintiff in *Hale* alleged that Wal-Mart and the store manager were both liable for injuries sustained to her minor son due to a fall from a shopping cart in the store. *Id.* at 2-3. The case was removed on the basis that the in-state manager had been fraudulently joined to defeat diversity jurisdiction. The plaintiff contended that the manager was personally liable because he "had a duty to warn the plaintiff and her child of the danger involved with the use of shopping carts[.]" *Id.* at 5. Additionally, the plaintiff argued that the manager "had a duty to keep the premises of the Wal-Mart store safe which he breached by failing to keep the shopping carts in safe condition[.]" *Id.* at 6. This court noted that similar allegations were also made against Wal-Mart. *Id.* at 7. This court determined that, under Mississippi law, an employer and its employee can be held jointly and severally liable for injuries caused by the employee in the scope of his employment. *Id.* at 8. This court then determined that the plaintiff had a possibility of recovery against the supervisor and that remand was warranted. *Id.* at 8-9. Thus, *Hale* stands for the basic proposition that a manager can be held liable for his or her own negligent acts.

Plaintiff also cites an unpublished opinion of the Fifth Circuit Court of Appeals, *Smith v. Petsmart, Inc.*,[5] 2008 WL 2062257 (5th Cir. May 15, 2008). In *Petsmart*, the

---

[5]The Opinion recites that "Mississippi law is unclear on the issue of whether a store manager, in addition to a store owner, can be personally liable in premises liability cases."

"The Mississippi Supreme Court has stated that the owner, occupant, or person in charge of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning [the] invitee of dangerous conditions not readily apparent which [the] owner knows or should know of in the exercise of reasonable care." *Id.* at * 2.

This court recognizes that the opinion is unpublished and not precedent except under the limited circumstances set forth in 5th Cir. R.47.5.4. This court observes the opinion,

court held that a customer, who was injured when she tripped over prongs of unattended forklift parked in the aisle of the store, had a reasonable possibility of recovery against the store manager in a negligence action. The court held that the manager was, thus, not improperly joined to defeat diversity jurisdiction, given that Mississippi law was unclear on the issue of whether a store manager could be personally liable in premises liability cases. *Petsmart* quotes the Mississippi Supreme Court in *Mayfield v. The Hairbender*, 903 So.2d 733, 735-36 (Miss. 2005) ("[T]he owner, occupant, or person in charge of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning [the] invitee of dangerous conditions not readily apparent which [the] owner knows or should know of in the exercise of reasonable care.")

In rebuttal, defendant contends that plaintiff's claim against Eddie Robinson are not viable i.e., affidavits submitted by Robinson show that (1) he was not present at the time of plaintiff's alleged injury; and (2) he did not speak with plaintiff on the day of the alleged incident. Defendant argues that this is the type of affidavit found dispositive of the improper joinder issue by the court in *Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704 (S.D. Miss. 2004). Wal-Mart also argues that liability should not be predicated solely upon a store manager's supervisory and administrative authority. *Mims v. The Renal Care Group, Inc.*, 399 F.Supp. 2d 740 (S.D. Miss. 2005) ("Mississippi case law demonstrates that a supervisor cannot be held liable for being a

---

however, for its reliance on cases by the Mississippi Supreme Court.

supervisor. Administrative authority over a workplace does not make the supervisor an insurer of all who come on the premises.")

### III. CONCLUSION

The amount in controversy is below the jurisdictional threshold of federal court. Plaintiff has pleaded entitlement to a recovery of only $75,000.00. Here, answers to the request for admissions confirm that present position and indicates no intention to seek a greater amount.

This court is further persuaded that Robinson was not improperly joined. Since filing her complaint, plaintiff has learned that Robinson was not the manager to whom she allegedly spoke after the incident. Still, she says she spoke to a manager who virtually admitted fault. This person allegedly identified himself as a manager. Robinson was general manager over this person and, presumably, possessed the same or similar knowledge about the condition of the automatic door. If so, he could be liable. Thus, this court is unable to say that plaintiff has no reasonable possibility of recovering in state court against Robinson.

This court, resultedly, remands this action to the Circuit Court of Hinds County, Mississippi, First Judicial District.

**SO ORDERED, this the 20th day of April, 2010.**

                                         **s/ HENRY T. WINGATE**
                                         **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**

Civil Action No. 3:09-cv-67 HTW-LRA
Order Granting Remand